Vincent A. Luhano, J.
Plaintiffs’ motion for temporary injunction and defendants’ cross motion for dismissal of the complaint for insufficiency are denied. The granting of the drastic relief of the temporary injunction will lie only upon a clear and convincing showing. (Metzger Co. v. Fay, 4 A D 2d 436.) This has not been done. The court "may only intercede in labor situations^ when the facts do not come within the prohibitions of section 876-a of the Civil Practice Act and where *1036 jurisdiction has not been pre-empted under the National Labor Management Relations Act. (Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40.) The question of Federal pre-emption has not been sufficiently raised herein.
Clearly, if there is a valid existing collective bargaining agreement with a union the picketing by a rival union involves an unlawful objective and will be enjoined. (Cf. Goodwins, Inc. v. Hagedorn, 303 N. Y. 300; Wood v. O'Grady, 307 N. Y. 532.) Temporary restraint against picketing will lie, without a hearing, only when the court finds that said picketing has an unlawful objective and the papers presented, for such purpose, must convincingly show this to be the fact. (Metzger Co. v. Fay, 4 A D 2d 436.) Instantly, it appears that plaintiffs entered into an agreement with the defendants’ rival union on April 24, 1958. Picketing commenced on or about May 1, 1958. The placards now used appear to be “ organizational ” in nature; the plaintiffs allege that prior to the institution of this action they were ‘ ‘ recognitional ’ ’ in nature. Relying on the presumptive legality of the agreement the plaintiffs seek injunctive relief against the aforesaid picketing, urging Matter of Levinsohn Corp. (299 N. Y. 454) and Metzger Co. v. Fay (supra). The aforesaid cases do not hold that the mere showing of an existing agreement is enough to grant the drastic' relief of a temporary injunction. There must be a clear showing that the employer is free of any disabling or collusive conduct upon entering into the collective bargaining with the rival union. Here there is a dispute as to the time and manner in which the plaintiffs were approached by each union, the number of employees and their position and union membership at the time of the agreement. Absent in the papers presented is an affidavit by the person who, the defendants claim, was their member and plaintiffs’ sole employee at the time in question; contrary to plaintiffs’ claim that such person was not a union member but a party in interest in the plaintiff corporations. These sharply disputed facts require both parties to be put to their proof at a trial. Moreover, apart from the aforesaid, the fact that the plaintiffs have endured the defendants’ picketing for more than six months restrains the granting of the temporary relief sought herein. (Vilardi v. Sinclair Refining Co., 147 N. Y. S. 2d 269 and eases cited therein.) Accordingly, the court reaches the conclusion that neither party is affirmatively entitled to its aid at this juncture and that the parties be remitted to trial.
Settle order providing for early trial, if so desired.